# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

In re:

Jennifer L. Lowell,

           Debtor

Chapter 7
Case No. 05-21317

## ORDER DENYING MOTION TO REOPEN CASE

When this case began in July 2005, the debtor disclosed, on her statement of financial affairs, a pending lawsuit against her by Palisades Collection, LLC.  In October 2005, the debtor received her discharge and the case was closed.  More than fourteen years later, the debtor moved to reopen her case for the purpose of seeking to avoid a judicial lien held by Palisades Collection that allegedly impairs her exemption in her residence.[1]  The motion was served by first-class mail on the LLC at an address in New Jersey and care of an attorney in Maine.  Whether that manner of service satisfied the requirements of Rule 7004(b) is unclear.

The Court is sympathetic to the debtor's situation but will not reopen a fourteen-year-old case to facilitate the avoidance of a lien that arose out of a suit that was disclosed on the debtor's statement of financial affairs.  The debtor has failed to establish that the lien could not have been discovered long ago in the exercise of reasonable diligence and has failed to meet her burden of demonstrating that cause exists to reopen her case.  *Cf.* In re Lovell, No. 08-11204, 2016 WL 2865359 (Bankr. D. Me. May 11, 2016).

---

[1] By issuing this order, the Court is not signaling agreement with the debtor's assertion that the judicial lien impairs her exemption in her residence.  *See, e.g.,* 14 M.R.S. § 4651-A(1) ("*The filing of an execution* duly issued by a court of this State or an attested copy thereof with a registry of deeds within 3 years after issuance of the execution *creates a lien* in favor of each judgment creditor *upon the right, title and interest of each judgment debtor in all real estate* against which a mortgage would be duly perfected if filed in the registry and *that is not exempt from attachment and execution*." (Emphasis added)).

- 2 -

      The motion to reopen [Dkt. No. 11] is therefore DENIED.  The Court will take no further action on the debtor's motion to avoid lien.  [Dkt. No. 12.]

Dated:  March 26, 2019

                                              Michael A. Fagone
                                              United States Bankruptcy Judge
                                              District of Maine